IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



COREY E. JOHNSON,

Petitioner,

v.  Civil Action No. **3:09CV369**

LORETTA K. KELLEY,

Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, submitted this motion for relief from judgment under Federal Rule of Civil Procedure 60(b). By Memorandum Order entered on June 24, 2009, the Court filed the action as a 28 U.S.C. § 2254 petition. Petitioner challenges his convictions in the Circuit Court for the City of Richmond ("Circuit Court"), for two counts of murder and two counts of use of a firearm in commission of those offenses.

This Court previously has dismissed a § 2254 petition by Petitioner challenging the above described convictions. *Johnson v. Kelly*, 3:07cv731 (E.D. Va. Aug. 28, 2008). Absent authorization from the United States Court of Appeals for the Fourth Circuit, this Court lacks jurisdiction to entertain successive 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(b)(3). Accordingly, by Memorandum Order entered on July 15, 2009, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause why the action should not be dismissed as an unauthorized 28 U.S.C. § 2254 petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

Petitioner responded that his action is properly characterized as a Rule 60(b) motion, rather than as a successive § 2254 petition, because he "challenges only the district court's failure

to reach the merits due to a defective procedural determination." (Petr.'s Resp. 3(emphasis omitted, capitalization corrected.)). Although Petitioner's response to the Court's June 24, 2009 Memorandum Order vaguely refers to procedural defects in the Court's decision in *Johnson v. Kelly*, 3:07cv731 (E.D. Va. Aug. 28, 2008), his initial Rule 60(b) motion does not do so. Rather, the Rule 60(b) motion is given to complaining that his rights had been violated at his trial by the denial of "his absolute right to confront and cross-examine an adverse witness." (Rule 60(b) motion 2.) In light of these circumstances, Petitioner's Rule 60(b) motion constitutes an unauthorized successive 28 U.S.C. § 2254 petition. *See Gonzalez*, 545 U.S. at 531-33 (concluding a rule 60(b) that directly challenges the underlying conviction constitutes a successive § 2254 petition). Accordingly, Petitioner's action will be DISMISSED WITHOUT PREJUDICE. Petitioner is free to refile a new Rule 60(b) motion that is properly confined to challenging the Court's procedural rulings.

An appropriate Order shall issue.

Date: **AUG - 6 2009**
Richmond, Virginia

/s/
**Richard L. Williams
United States District Judge**

2